## THE STATE v. KONRAD ONNMACHT.

It was assigned as error on the face of the Record, that no indictment was found against defendant by the grand jury, and that no bill was returned by them to the Court. *Held:* That the Record, containing a full and complete statement of the time and place of holding the Court, the names of the persons composing the grand jury, the appointment by the Judge of the foreman, and his being sworn, and the grand jury being empannelled and sworn, and charged by the Court to inquire for the Body of the Parish; and the Record showing, also, that there was on the day following, an entry on the minutes, under the caption of the cause, of "True bill and indictment for laying in wait and shooting with intent to commit murder;" and the indictment itself being endorsed by the clerk as filed on the same day of the entry, with the name of the foreman below the words "a true bill," renders it certain that the indictment was found by the grand jury and presented by them in open court. To hold otherwise would be to reverse the maxim, *omnia rite acta.*

Had the objection to the clerk's entry, that it did not show with certainty that the grand jury had been brought into court, been made specially in the Court below, the minutes could have been corrected and an entry made *nunc pro tunc.*

The proper mode of returning an indictment into Court is made by endorsing on the back of it "A true bill." The entry of the clerk, in the form above, was a sufficient rending of the finding of the indictment.

APPEAL from the District Court of the Parish of Pointe Coupée, *Cooley,* J. *Roy,* District Attorney, for the State.    *U. B. & E. Phillips,* and *Provosty & Farrar,* for the accused and appellant.

OGDEN, J.    The Defendant has appealed from a sentence condemning him to hard labor in the Penitentiary for life, for the crime of laying in wait and shooting, with intent to commit the crime of murder. His counsel moved, in the Court below, to arrest the judgment on several grounds: 1st, That no legal indictment had been found against the accused. 2d, That no indictment had been legally returned against him by the Grand Jury to the Court. 3d, That no charge had been legally preferred by the grand jury against the accused. The motion was overruled on the ground that no specific objections were set forth in it. In this Court an assignment of errors has been filed, which the appellant's counsel relies on as embodying the grounds of the motion made in arrest of judgment, and disclosing errors apparent on the face of the Record, which entitle the prisoner to a reversal of the judgment and to a discharge.

1st. It is first assigned as error, that it does not appear from an inspection of the Record that any indictment has ever been found against the defendant by the grand jury; and that it does not appear that any bill of indictment was ever returned or presented by the grand jury to the Court. The Record before us contains a statement of the proceedings, which is full and complete as to the time and place of holding the Court, the names of the persons composing the grand jury, the appointment by the judge of the foreman, and of their being duly empannelled and sworn, and charged by the Court to inquire for the body at the Parish of Point Coupée. On the day following the empanneiling the

grand jury, an entry appears on the minutes in these words : " *The State of Louisiana v. Konrad Onnmacht;* true bill and indictment for laying in wait and shooting with intent to commit murder."

The indictment itself is endorsed by the clerk as filed on the same day that the foregoing entry was made on the minutes, and the name of *J. W. Janeau,* foreman, below the endorsement, in the usual form of the words " a true bill." The entry on the minutes of the previous day stated that *J. W. Janeau* had been appointed and sworn as foreman. This renders it sufficiently certain, that the indictment to which the prisoner subseqently pleaded was presented by the grand jury in open court. The clerk enters on the minutes only what is done while the court is in session, and only such proceedings as ought to appear of Record. No entry would be made on the minutes of what did not transpire in open court; and to presume it possible that the grand jury did not, as a body, return the indictment in this case, and in open Court, would be reversing directly the maxim, *omnia rite acta.*

It may be also observed, that if the prisoner had made the objection specially in the court below, that the entry made by the clerk, as above set forth, did not show with certainty that the grand jury had brought the bill into court, the minutes could have been corrected and such an entry made, *nunc pro tunc,* as would have obviated all objections.

Chitty on Criminal Law, p. 324, states that the mode in which the grand jury return the result of their inquiries into court, is by endorsing on the back of the bill the words "A true bill," and that it then becomes a part of the indictment, and renders it a complete accusation against the prisoner.

Before the grand jury have found the accusation to be true, it is merely a bill, and to be so termed in pleading, and not described as an indictment. Chitty, p. 328.

2. The entry made by the clerk on the minutes, as above recited, although not in the usual form, considered with reference to the indictment itself, was a sufficient recording of the finding of the indictment.

3. The third and last ground assigned as error that the indictment itself contains no charge against the defendant of the commission of any crime, is supported by a verbal criticism which it is not necessary we should notice further than to say that the crime is charged with sufficient certainty.

The judgment of the Court is therefore affirmed with costs.