## No. 27.

### STATE OF LOUISIANA vs. COSBY MASON.

The Minutes of the court may very properly be corrected by interlineations, at the reading of them in open court and before their approval.

It will be presumed that the Grand Jury came into court in a body and presented the Bill of Indictment in open court, when it is endorsed " A true Bill," and signed by the foreman, and the entry in the Minutes shows that "thereupon the Court ordered the finding of the Bill to be recorded, etc." The rule *omnia rite acta* applies. State vs. Onnmacht, 10 An. 198, affirmed.

The endorsement of the Bill needs not specify the offense charged in the Indictment. Previous Decisions affirmed.

APPEAL from the Second Judicial District Court, parish of Bossier. *Drew, J.*

J. A. W. Lowry, District Attorney, for the State.

W. G. McDonald, J. Henry Shepherd and John Young for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Defendant, tried, convicted and sentenced to two years'

State of Louisiana vs. Mason.

imprisonment at hard labor in the penitentiary for petit larceny, has taken this appeal, and makes the following assignments of error, viz.:

First—That the minutes of the court were interlined, after the minutes were written, so as to show that defendant was present when the verdict was rendered, and that this interlineation was made under the direction of the judge in open court when the defendant and his counsel were not present.

It appears that the correction was so made on the morning after the trial, while the minutes of the previous day were being read, and before their approval. The very object of reading the minutes is to allow opportunity for such correction of errors, and the action of the judge was entirely proper. There is no suggestion that the minutes as corrected do not conform to the facts.

Second—That the transcript does not show that the Grand Jury ever found the bill of indictment, and brought the same into open court by themselves, and presented it to the judge through their foreman. The bill is endorsed, "A true bill, (signed); W. M. Abney, Foreman of the Grand Jury." It is urged that the endorsement should also specify the offense charged in the indictment. We find no warrant for such a requirement, and the dictum to that effect in State vs. Morrison, 30 An. 818, is unsupported by authority, and is directly contrary to prior decisions of this Court and to all the text books.

State vs. Smith, 5 A. 341.

State vs. Rohfrischt, 12 A. 383.

State vs. McGinnis, id. 743.

1st Archbold, p. 99.   Harris, Cr. Law. p. 290.

On the other branch of this assignment there is no doubt that the proper proceeding is for the Grand Jury, after having found the bill, to come into court in a body, and, through their foreman, to present the bill in open court; and non-compliance with these requirements, if established, would be fatal to the proceedings. We think this case, however, is governed by the decision of this Court in the case of State vs. Onnmacht, 10 An. 198. There the entry on the minutes was "The State of Louisiana vs. K. Onnmacht; true bill and indictment, for lying in wait and shooting with intent to commit murder;" and it did not affirmatively appear that the Grand Jury appeared in court and returned the indictment. The Court said: "This renders it sufficiently certain that the indictment, to which the prisoner subsequently pleaded, was presented by the Grand Jury in open court. The clerk enters on the minutes only what is done while the court is in session, and only such proceedings as ought to appear of record. No entry would be made on the minutes of what did not transpire in open court, and to presume it possible that the grand jury did not, as a body, return the

indictment in this case, and in open court, would be reversing directly the maxim *omnia rite acta*. It may be also observed that, if the prisoner had made the objection specially in the court below that the entry made by the clerk, as above set forth, did not show with certainty that the grand jury had brought the bill into court, the minutes could have been corrected, and such an entry made, *nunc pro tunc,* as would have obviated all objections."

In the instant case, the entry on the minutes is much more specific, being as follows :

" State vs. Cosby Mason—indictment for petty larceny—endorsed, a true bill, (signed): W. M. Abney, foreman of the Grand Jury. Whereupon his Honor made the following order : Let the finding of this bill be recorded ; let process issue thereon ; let the bail bond of the defendant be fixed at, etc."

In the absence of any suggestion that, as a matter of fact, the Grand Jury did not present the bill in open court, we shall follow the precedent in the Onnmacht case, rendered twenty-five years ago, and never reversed. The decision in State vs. Morrison, 30 A. 817, passed off on a different point, and though asserting quite emphatically the duty of the clerk to "state in his minutes the coming of the Grand Jury into court, and presenting the bill in open court," it is but *obiter*, and does not refer to, or overrule, the Onnmacht case. We quite agree that it is the duty of the clerk to make the statements referred to in his minutes, but under the authority referred to, the omission of such duty is not fatal to the proceedings, where the actual entries on the minutes sufficiently show that the requirements of the law had been complied with. We deem it proper to say here that the imperfections and incompleteness of the criminal records presented to us are such as greatly to embarrass us in the administration of criminal justice, and we call the attention of the judges, clerks, and law officers of the State to the importance of remedying this evil.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed.