33   991
45  1155
45  1437

## No. 8266.

### THE STATE OF LOUISIANA VS. JAKE SHIELDS.

When the Minutes of the Court do not show that the indictment was found by the grand jury and presented in open court, the verdict and judgment must be set aside and a new trial granted to the accused.

This case presents a glaring instance of an imperfect and incomplete record, to the detriment of the public interest.

It is not sacramental that the prisoner should be asked if he has anything to say, why sentence should not be pronounced; and the absence of this formality will not vitiate the proceedings.

It is no sufficient ground for a challenge for cause, that, in answer to the question of the District Attorney, the juror said he had some prejudice against convicting on circumstantial evidence.

A PPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne, J.*

### J. C. *Egan*, Attorney General, for the State, Appellee:

First—When an *indictment* which is indorsed "a true bill" and signed by the foreman of the grand jury is found in the record it is evident that the same was a finding of the grand jury. State vs. Brown, 32 An. 120.

Second—In the examination of a juror on his *voir dire* it is proper to ask him whether he has prejudices against convicting on circumstantial evidence.

Third—The State has a right to recall a witness before closing the case.

Fourth—That the judge failed to ask the accused "if he had anything to say why the sentence of the court should not be pronounced on him," is no ground for a new trial.

Fifth—There is no assignment of errors in the record, and the one found in defendant's brief cannot be considered as such by this Court.

### J. H. *Lamon* for Defendant and Appellant:

First—In cases of felony the minutes of the Court must show—

1. That an indictment was found and presented by a grand jury. State vs. Mason, 32 An. 1019; 30 An. 885.

2. That the accused was asked "if he had anything to say why the sentence of the court should not be pronounced on him." State vs. Scott, 32 An. 854.

3. That the defendant was in court when the jury reported a verdict of guilty. State vs. Ford, 30 An. 311; State vs. Christian, 30 An. 367, 407.

Second—It is not proper for the District Attorney to ask persons presented as jurors whether or not they have any prejudice against convicting on circumstantial evidence. The existence of such a prejudice is not a ground for a challenge for cause.

Third—After the testimony for the State is closed the District Attorney cannot ask witness for the defendant questions which are not in rebuttal of the testimony offered by the defendant. State vs. Swayze, 30 An. 1327; State vs. Thomas, 32 An. 351.

Fourth—The finding of a verdict of guilty by a jury is vitiated when one or more of the jury are asleep during the progress of the trial.

The opinion of the Court was delivered by

LEVY, J.  The accused was indicted on the charge of murder, was tried by a jury and convicted of manslaughter, and sentenced to ten years' imprisonment in the penitentiary.  From the judgment thus sentencing him he has appealed.

Counsel for accused contend that the verdict and sentence should be set aside and the judgment reversed, on the grounds:

1st.  That the minutes do not show that the indictment was found by the grand jury and presented in open court; that the accused was asked "if he had anything to say why sentence of the court should not be pronounced on him;" and that the defendant was in court when the jury reported their verdict of guilty.

2d.  Because persons presented as jurors were challenged for cause by the District Attorney, who, in reply to a question as to whether or not they had any prejudice against convicting on circumstantial evi-

dence, answered that they had, and the court sustained the challenge for cause on that ground.

3d.    Because, after the testimony for the State was closed, the court allowed the District Attorney to ask a witness questions not in rebuttal of testimony offered by the defendant.

4th.    That the verdict of guilty by jury is vitiated when one or more of the jury are asleep during the progress of the trial.

1.    In State vs. Tazwell, 30 An. 885, it was held: "It is enough if it appears that the grand jury came into court and presented an indictment."

In State vs. Mason, 32 An. 1019: "There is no doubt that the proper proceeding is, for the grand jury after having found the bill, to come into court, in a body, and through their foreman to present the bill in open court, and non-compliance with these requirements, if established, would be fatal to the proceedings." The court, in the last-mentioned case, re-affirmed the decision in the State vs. Onmacht, 10 An. 198, and held: "There, the entry on the minutes was, 'The State of Louisiana vs. K. Onmacht, true bill and indictment for lying in wait and shooting with intent to commit murder;'" and it did not affirmatively appear that the grand jury appeared in court and returned the indictment. The court said this renders it sufficiently certain, that the indictment, to which the prisoner subsequently pleaded, was presented by the grand jury in open court. The clerk enters on the minutes only what is done while the court is in session, and only such proceedings as ought to appear of record. No entry would be made on the minutes of what did not transpire in open court, and to presume it possible that the grand jury did not in a body return the indictment in open court, would be reversing directly the maxim, *omnia rite acta.*

These decisions refer to cases in which there were entries on the minutes referring to an indictment being found, and therefore the application is made of the maxim quoted. In the instant case the minutes contain no entry whatever going to show the finding of the indictment, and, indeed, do not show that there was any grand jury empannelled and sworn or any foreman appointed. The rules laid down in the cases cited cannot with any reason be stretched so as to supply the fatal deficiencies in this record.

In State vs. Cosby Mason, 32 An. 1020, this Court said: "We deem it proper to say here that the imperfections and incompleteness of the criminal records presented to us, are such as greatly to embarrass us in the administration of criminal justice, and we call the attention of the judges, clerks and law officers of the State to the importance of remedying this evil." We cannot too earnestly reiterate what was said in that case, and the present one affords so glaring an instance of imperfectness.

63

and incompleteness of record to the detriment of the public interests as to demand our notice, and to justify comment.

It is the duty of the clerk, the District Attorney and the judge, to see that the minutes of the proceedings had in open court are properly and fully entered on the records. The other points raised in the first objection are not tenable. It is not sacramental that the prisoner should be asked if he has anything to say why sentence should not be pronounced. The record shows that the prisoner was in court when the verdict was rendered.

2. The object of the law is to select impartial jurors to try the issue between the State and the accused, and to ascertain that impartially considerable latitude is allowed, both to the prosecution and defence, in examinations on the *voir dire*. The question propounded to the juror was not in itself objectionable; the answer, however, that he had a prejudice against convicting on circumstantial evidence was not, in our opinion, sufficient to sustain a challenge for cause. It was not stated that he was opposed to conviction on circumstantial evidence when connected and sufficient. He might be opposed to conviction on slight circumstantial evidence which raised reasonable doubts as to guilt, just as he might be opposed to conviction on any other evidence not conclusive to a reasonable mind.

3. This objection is not sufficient to interfere with the judgment.

4. The evidence offered on the motion for a new trial, embodied in the bill of exceptions, was not sufficient to support the motion, and we think the judge *a quo*, in the exercise of his sound discretion, properly overruled it.

It is not improbable that the indictment was duly found and presented by the grand jury, but the record does not show this, and, on the data furnished by the meagre transcript, we cannot presume that these necessary requirements were fulfilled. If they were, the minutes may be corrected *nunc pro tunc* and a new trial proceeded with.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment be set aside and the judgment appealed from annulled, avoided and reversed, and that the defendant be detained in custody, subject to the orders of the District Court of the parish of East Baton Rouge, to await further prosecution or proceedings according to law.