No. 9366.

THE STATE OF LOUISIANA VS. RODOLPHE SANDOZ.

Where the record does not show that an indictment was returned into court by the grand jury, the case must be remanded and the sentence set aside.

To justify the quashing of a venire on account of irregularities in the drawing of the same, it must appear that a fraud was committed or a great wrong done to the serious prejudice of the party or parties accused.

Under an indictment charging an assault by wilfully shooting at, a conviction will not be set aside because of the refusal of the trial judge to instruct that it must appear that the assault was made with a malicious intent.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Gates*, J.

*M. J. Cunningham*, Attorney General, and *Chas. A. Mouton*, District Attorney, for the State, Appellee.

*Robt. S. Perry* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of assaulting Alcée Romero by wilfully shooting at him, and appeals from a sentence of eighteen months' imprisonment at hard labor.

Among the errors assigned in the proceedings of the lower court is, "that the record does not show that the indictment for said alleged offense was presented by the grand jury in open court."

Such return was essential to the validity of the proceedings. An inspection of the record satisfies us that the assignment in this respect is well founded. There is no entry of the kind in the minutes of the court, and nothing in the record whatever from which it could be inferred that such indispensable requirement was complied with.

This grave omission compels us to remand the case. State vs. Shields, 33 Ann. 991; State vs. Mason, 32 Ann. 1019.

Thus concluding we might refrain from considering other questions raised by the defense, but inasmuch as the questions must arise in a subsequent trial of the case, we deem it necessary to determine them.

1. There was a motion to quash the venire for irregularities charged in drawing the same.

We do find irregularties in the proceedings of the jury commissioners, and in the process verbal of said proceedings, which we have attentively considered, but controlled by the broad provisions of section 10 of Act 44 of 1877, to the effect that no defect or irregularity in the drawing or summoning of the jury shall be sufficient cause to invalidate the same, if it shall not appear that some fraud was practiced or wrong committed that would work a great and irreparable injury to the accused. We cannot disturb the ruling of the trial judge in overruling the motion.

It is *not apparent* from the proceedings in question, that any fraud was practiced or wrong committed in any manner to the prejudice of the accused. 33 Ann. 1414; 35 Ann. 1098.

2. The trial judge charged the jury in these words:

"That the only thing for the jury to do in coming to their conclusion, if they found the accused guilty, as charged, would be to consider whether he had wilfully shot at Alcée Romero, that the law did not use the word 'intent' in this connection as it did in regard to the acts mentioned in the section.

This charge was not objected to, but the judge was asked by the counsel for the accused to add: "That the word 'wilfully' covered and included the malicious intent, that under the law was necessary for the jury to convict of wilfully shooting at, if they shall find the shooting had been done with malicious intent."

Both the instruction given and that refused would seem to involve some confusion of ideas on the part, both of the judge and counsel. If, in

point of fact, as claimed by the counsel, the word "wilfully" implied or included malice, then it would seem unnecessary for the judge to give the additional charge, since he had virtually instructed to that effect in charging that the jury must consider whether the accused *wilfully* shot at Romero.

It is true, as stated by the judge, that the clause of the section under which the accused was indicted, does not contain the word "intent." The section reads thus:

"Whoever shall assault another by wilfully shooting at him, or with intent to commit murder, etc."

We cannot see that the defendant was prejudiced by the refusal of the judge to charge in the language requested. Although it might seem doubtful from the words used, whether he so intended it, the judge did substantially charge as requested by counsel.

Speaking of the word "wilfully," Bishop says: "It is more frequently understood to extend a little further (i. e., than intentionally) and to proximate the idea of the mildest kind of malice, that is, signifying an intent without justifiable excuse." "And Shaw, C. J., once remarked in a Massachusetts case that in the ordinary sense in which it is used in statutes, it means not merely 'voluntarily,' but with a bad purpose, in other words it means corruptly."

"As used in penal statutes 'wilfully' means with evil intent or legal malice, or without reasonable ground for believing the act to be lawful." State vs. Preston, 34 Wis. 675.

It is, therefore, ordered, adjudged and decreed that the sentence and verdict appealed from be set aside and annulled and the case remanded to the lower court to be proceeded with according to law.