## No. 196.

### THE STATE OF LOUISIANA vs. JOHN PITTS.

Where the record exhibits no showing whatever of the return and presentation of the indictment by the grand jury into open court, the defect is fatal.

APPEAL from the Seventh District Court, Parish of Catahoula. *Ellis*, J.

_____

*Lucius Thompson*, District Attorney, for the State, Appellee.

*J. N. Luce*, for Defendant and Appellant.

_____

The opinion of the Court was delivered by

FENNER, J. An assignment of errors is filed, one ground of which is absolutely fatal, viz: "That the record does not show the finding of the indictment nor the return and presentation of the indictment by the grand jury in open court."

The first entry on the minutes of the court begins: " In this case, the accused being present in the court, was arraigned, pleaded not guilty, etc."

Mr. Bishop says: " When the grand jury is the body to take the first step in the court against the prisoner, it *presents* to the court a written accusation of crime ; and this *presentment, after* being duly returned into court and made a part of its record, is called an *indictment*." 1 Bishop Cr. Proc. § 36.

This illustrates the importance of the presentment into open court as essential to the very existence of an indictment in its consummated force and effect.

We have heretofore held that entire absence from the record of any showing of such return into open court is fatal.   State vs. Shields, 33 Ann. 993 ; see also Brown vs. State, 9 Yerg. 198; Chappell vs. State, 8 Id. 166; Com. vs. Johnson, Thach. Cr. cases, 284 ; State vs. Cox, 6 Ired. 44 ; Nomague vs. People, Breese, 106.

This necessitates the remanding of the case.

It is, therefore, ordered and decreed, that the verdict and sentence be reversed and set aside, and that the case be remanded for further proceedings according to law.