(115 So. 814)

No. 28947.

## STATE v. TURNER.

Jan. 18, 1928. On the Merits Feb. 13, 1928.

Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

On Remand.

**1. Criminal law ⬞1110(9)—Where transcript fails to show indictment was returned in open court, case will be remanded to supply certified copy of minute entry.**

On appeal from conviction for murder, where transcript fails to show indictment filed on named day was returned in open court on that day, case will be remanded to supply a duly certified copy of minute entry of named day, showing that indictment was returned in open court, if there be any such entry, or otherwise to establish that indictment was so returned.

On the Merits.

**2. Criminal law ⬞857(1)—Jury is not required to deliberate any longer than necessary to agree on verdict.**

There is no law which requires a jury to deliberate any longer than may be necessary to agree on a verdict.

**3. Criminal law ⬞941(1)—Refusal of new trial for newly discovered evidence of alibi, which was merely cumulative, held discretionary.**

After conviction on first degree murder charge, refusal of new trial for alleged newly discovered evidence of witness as to defendant's alibi was not abuse of discretion, where defendant had produced at trial 12 to 15 witnesses to prove alibi, and newly discovered evidence was cumulative and similar to evidence disregarded by jury.

O'Niell, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; Robert Roberts, Judge.

Tony Turner, alias Pie, was convicted of murder, and he appeals. Affirmed.

Herndon & Herndon, of Shreveport, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and L. C. Blanchard, Dist. Atty., and Aubrey M. Pyburn, Asst. Dist. Atty., both of Shreveport, for the State.

### On Remand.

ST. PAUL, J. [1] The defendant appeals from a conviction for murder and sentence of death. The transcript fails to show that the indictment, herein filed on September 27, 1927, was returned "in open court" on that day.

It is therefore ordered that this case be remanded to the court below for the purpose of supplying a duly certified copy of the minute entry of September 27, 1927, showing that said indictment was returned in open court, if any such entry there be, or otherwise to establish contradictorily with the defendant that said indictment was duly returned in open court on said day, if such be the fact, and to supplement the minute entries of that day accordingly; the whole to be returned to this court forthwith.

O'NIELL, C. J., dissents, being of the opinion that the verdict should be set aside, not only for the reason for which the case is being remanded, but because of the refusal to grant a new trial because of newly discovered evidence.

### On the Merits.

ST. PAUL, J. The state has now produced and filed a duly certified copy of the minutes of the court below, showing that the indict-

ment herein *filed* on September 27, 1927, was duly presented in open court on that day.

As we have said, the defendant appeals from a conviction for murder and sentence of death.

[2] He complains only of the overruling of his motion for a new trial. The grounds set up for a new trial were (1) that the jury returned its verdict within five minutes after the case was submitted; and (2) alleged newly discovered evidence.

The trial judge correctly says that there is no law which requires a jury to deliberate any longer than may be necessary to agree upon a verdict.

[3] The alleged newly discovered evidence is that of one witness who would swear to an alibi for defendant. But the motion itself shows that defendant had already produced some 12 to 15 witnesses to prove said alibi, and the trial judge did not abuse his discretion when he refused to grant a new trial on the ground that said evidence was merely cumulative, and "similar to other evidence disregarded by the jury."

Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., dissents.