JOY COSSICH LOBRANO, Judge.
|/The State of Louisiana seeks a review of the trial court’s ruling that quashed the indictment filed in this case. Because we find the trial court erred in quashing the indictment, we reverse and remand the case for further proceedings.
On August 29, 2013, the grand jury returned a bill of indictment that charged Isaac Jones with the following charges: (1) the February 24, 2013 attempted second degree murder of Orlando Richmon; (2) the April 23, 2013 second degree murder of Orlando Richmon; (3) the April 23, 2013 second degree murder of Desmond Bell; and (4) the April 23, 2013 attempted second degree murder of Daymond Harris. Although the case was originally allotted to Section D, it was reallotted to Section A to follow various other cases, including case # 517-161, where Jones was charged with one count each of second degree murder and attempted second degree murder. Jones appeared for arraignment on October 15 and pled not guilty to the charges. He also orally moved to quash the indictment, indicating that he would file a written motion, and the court set a hearing for October 18. Jones filed his written motion on October 17. On October 18, the 12court granted the motion to quash. The State objected and moved to appeal this ruling, which the court granted.[1]
The facts of the underlying offenses are not germane to the issue raised in this appeal.
In State v. Hall, 2013-0453, pp. 11-12 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39, this Court set forth the proper standard of review:
To summarize, this court in reviewing a motion to quash involving solely a legal issue, such as presented in the instant case, applies a de novo standard of review. State v. Guillott, 120652, p. 4 (La.App. 4 Cir. 2/20/13), — So.3d-, - [2013 WL 633093] (citing State v. Schmolke, 12-0406, pp. 2-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-99). In cases involving other types of motions to quash involving factual determinations— such as speedy trial violations and nolle prosequi dismissal-reinstitution cases— this court applies an abuse of discretion standard. [State v.] M.C., 10-1107 at p. 10, 60 So.3d [1264] at 1270 [ (La.App. 4 Cir.2011) ]; see also State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3 (explaining that “[i]n reviewing rulings on motions to quash *122 where there are mixed questions of fact as well as law, as here, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion”); State v. Love, 003347, pp. 910 (La.5/23/03), 847 So.2d 1198,1206 (“[bjecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion”).
Procedural Claim: Use of Motion to Quash
The State first argues that the defendant could not raise his objection to the indictment via a motion to quash. In support, the State cites La.C.Cr.P. art. 532, which sets forth the general grounds for a motion to quash, which includes subpart |⅞(2): “The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII.” The State notes that the article upon which the defendant based his motion to quash was La.C.Cr.P. art. 383, which is not included in Title XIII. The State does not mention, however, La. C.Cr.P. art. 533, that provides special grounds to quash a grand jury indictment, including: “(5) The indictment was not indorsed “a true bill,” or the endorsement was not signed by the foreman of the grand jury.” While this subpart does not include the failure to return the indictment in open court, the two failures specifically mentioned in the subpart both concern deficiencies in the return of the indictment, both of which are also listed in La. C.Cr.P. art. 383.
As this court noted in State v. Marcelin, 2013-0893, pp. 3-4 (La.App. 4 Cir. 12/18/13), 131 So.3d 427, 430:
A motion to quash is “a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.” State v. Carter, 110859, p. 3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182 (citing State v. Byrd, 96-2302, p. 18 (La.3/13/98), 708 So.2d 401, 411; State v. Rembert, 312 So.2d 282, 284 (La.1975)). See also State v. Clark, 121296, p. 3 (La.5/7/13), 117 So.3d 1246, 1249. “All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty[1] and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” La.C.Cr.P. art. 531.
The claim raised by the defendant was an attack on the indictment itself, a pretrial plea that did not go to the merits of the case. Moreover, the defendants in several of the cases that considered the issue raised in this case, the lack of showing that the indictment was returned in open court, raised the issue via motions to quash the indictment. Thus, the State’s procedural claim has no merit.
LThe Merits of the Motion to Quash
The defendant orally moved to quash the indictment at his arraignment. Two days later he filed his written motion, wherein he merely alleged that the indictment was defective in that it failed to comply with La.C.Cr.P. art. 383. In support, it merely listed three cases from the 1800s.
At the hearing on his motion the next day, defense counsel argued that the indictment in this case was invalid because there was no notation on the back of the indictment showing that it was returned in open court. The prosecutor responded that a minute entry indicated that the indictment was filed in open court, to which the court asked how the prosecutor defined “open court.” The prosecutor re *123 sponded that he thought it meant literally-coming into court and making the return on the record. The court then stated: “Can any of you tell me whether this judge had open court for return of indictments? Because I’m told he did not.” Defense counsel then intimated that the minute entry could be incorrect, noting that there have been instances where a minute entry does not accurately reflect what is contained in a transcript. He asserted that the minute entry “conflicts” with the indictment, apparently a reference to the fact that there was no notation on the back of the indictment that it was returned in open court. The court suggested to the prosecutor that he call the ADA who returned the indictment to testify whether it was returned in open court, but the prosecutor indicated that he did not prepare to call any witnesses on this matter because the minute entry reflected that the indictment was returned in open court. The prosecutor also pointed out that the defendant had the burden of showing the indictment was invalid, and the record (the minute entry) indicated that the indictment was returned in open court. The Rcourt found that the indictment was deficient and granted the motion to quash. The State now argues that this ruling was in error.
La.C.Cr.P. art. 383 provides, in pertinent part, that an indictment “shall be returned into the district court in open court.” Although the back of the indictment contains a place for a notation that the indictment was returned in open court, to be signed and dated by the minute clerk, that portion is blank, as are the portions following that pertain to the date of arraignment, any disposition of the case, and sentencing, all also to be signed and dated by the minute clerk. While there has been no disposition or sentencing in this case, the defendant has been arraigned and has pled not guilty, but that event also is not reflected on the back of the indictment.
In its response to the defendant’s motion to quash, the State attached a certified copy of a five-page minute entry that indicated that the indictment in this ease, as well as indictments in other cases, were returned in open court. The minute entry included the name of the minute clerk who prepared the minute entry. Nonetheless, the court found that the certified minute entry was insufficient to prove that the indictment was returned in open court.
Although the defendant cited several cases to support his claim, none of them supports the trial court’s ruling. In State v. Shields, 33 La. Ann. 991 (1881), the Court reversed the defendant’s conviction because there was no indication that the indictment that charged him was returned by the jury in open court. The Court noted that there was no minute entry of the return or any other indication that it was returned in open court, nor was there a minute entry showing that the grand jury was even empanelled. The Court also noted that although it was “not improbable” that the indictment was returned by the jury, the Court could not ^presume that this actually happened. Likewise, in State v. Sandoz, 37 La.Ann. 376 (1885), and State v. Pitts, 39 La.Ann. 914, 3 So. 118 (1887), the Court reversed the defendants’ convictions because there were no entries in the court’s minutes indicating that the indictments were returned in open court.
As argued by the State, these cases are distinguishable from the present case because here there is a certified minute entry indicating that the indictment was returned in open court. The State cites various cases where the Court rejected claims that an indictment was not returned in open court, and in each case, there was *124 a minute entry that convinced the Court to reject the claim. In State v. Turner, 165 La. 657, 115 So. 814 (1928), the record initially failed to show that the indictment was returned in open court. The Court remanded the case for a certified minute entry to reflect whether it was returned in open court, and when the case returned to the Court, the State provided a certified minute entry so stating. The Court found this sufficient to show that the indictment was filed in open court.
In State v. Harvey, 159 La. 674, 106 So. 28 (1925), the defendant moved to quash the indictment because, among other claims, it did not indicate that it was returned in open court. The Court rejected this claim, citing language from State v. Mason, 32 La.Ann. 1018 (1880) and State v. Onnmaeht, 10 La.Ann. 198 (1855) to the effect that a court may presume that an event happened if it was contained in a minute entry. In Onnmaeht, at p. 1, the Court stated: “The clerk enters on the minutes only what is done while the court is in session, and only such proceedings as ought to appear of Record. No entry would be made on the minutes of what did not transpire in open court; and to presume it possible that the grand jury did not, as a body, return the indictment in this case, and in open Court, would be reversing directly the maxim, ‘omia rite acta.’ ” Relying on this “presumption of regularity,” [ 7the Harvey Court found that the minutes provided in the record countered the defendant’s claims “beyond all question and cavil.” Haney, 159 La. at 683, 106 So. at 31. Likewise, in Mason and Onnmaeht, the Court found that notations in the minutes showed that the indictments were returned in open court. See also State v. Williams, 35,911 p. 13 (La.App. 2 Cir. 9/18/02), 828 So.2d 180, 188-189 (where the court rejected a similar claim because the minutes and the transcript indicated that the indictment was returned in open court). By contrast, in State v. Logan, 104 La. 254, 28 So. 912 (1900), the Court upheld a similar claim because the minutes did not reflect that the indictment was read in open court.
Here, the State presented a certified minute entry that showed that the indictment was returned in open court. As per the cases cited above, this was sufficient to counter the defendant’s claim to the contrary. As noted by the State, the defendant as the mover in the motion to quash had the burden of showing that it was not filed in open court, and his mere assertion that the minute entry may be in error did not meet this burden. Although the trial court stated that the prosecutor should have called a witness to affirm the accuracy of the minute entry, the State could reasonably rely on the presumption of regularity shown by the certified minute entry, based on the cases cited above. The court’s statement that it had been “told” that the indictment may not have been returned in open court was not backed by anything placed on the record, and its genesis is unknown. Without any showing by the defendant that the minute entry was incorrect, the prosecutor could rely on its accuracy. Absent this showing, the trial court had no basis to quash the indictment. Thus, we find the trial court erred in quashing the indictment.
| ^Accordingly, for the above reasons, the trial court’s October 18, 2013 ruling quashing the indictment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.

. The court also quashed the indictment in case #517-161 and granted the State’s motion for appeal. The record in case # 517-161 was just lodged in this court as 2014-KA-0280.