SANDRA CABRINA JENKINS, Judge.
| ¡The State of Louisiana seeks review of the trial court’s ruling granting defendant’s motion to quash the indictment.[1] For the reasons that follow, we find that the trial court erred in quashing the indictment. Thus, we reverse the trial court’s ruling and remand this case for further proceedings.
On August 22, 2013, the grand jury returned a bill of indictment, a “true bill,” charging the defendant, Isaac Jones, with one count of attempted second degree murder of Orlando Richmon on February 24, 2013, and one count of second degree murder of Orlando Richmon on April 23, 2013. At his arraignment on October 15, 2013, Jones pled not guilty and orally moved to quash the indictment. He then filed a written motion to quash on October 17. At the hearing on that motion, on October 18, the trial court found the indictment deficient and granted |¡>the motion to quash.[2] The State now appeals and argues that the trial court ruling is in error.
*835 The facts of the underlying offenses with which defendant is charged are not germane to the issue raised in this appeal.
In this appeal, the State argues that the trial court committed legal error by granting the motion to quash the indictment for failure to conform to La.C.Cr.P. art. 383. In reviewing a trial court ruling on a motion to quash that is based solely on a question of law, the appellate court applies the de novo standard of review. State v. Marcelin, 13-0893, pp. 6-7 (La.App. 4 Cir. 12/18/13), 131 So.3d 427, 431 (citing State v. Byrd, 96-2302, p. 18 (La.3/13/98), 708 So.2d 401, 411 and State v. Hamdan, 12-1986, p. 6 (La.3/19/13), 112 So.3d 812, 816).
Defendant based his motion to quash the indictment on the allegation that the indictment failed to conform to La. C.Cr.P. art. 383, due to the lack of a notation on the indictment that it was returned in open court.[3] La.C.Cr.P. art. 383 provides in pertinent part,
An indictment is a written accusation of crime made by a grand jury. It must be concurred in by not less than nine of the grand jurors, [^indorsed “a true bill,” and the indorsement must be signed by the foreman. Indictments shall be returned into the district court in open court;
The State argues that the minute entry for August 22, 2013 indicates that the grand jury returned the indictments against the defendant in open court. The defendant, however, asserts that the minute entry conflicts with the indictment due to the lack of notation on the indictment itself that it was, in fact, returned in open court. At the hearing on the motion to quash the indictment, the trial court also questioned whether the presiding judge held open court for the return of indictments. The trial court suggested to the State that the Assistant District Attorney who returned the indictment be called to testify whether the indictment was returned in open court. The State, however, stated that no witnesses had been subpoenaed to testify in this matter because the minute entry reflected that the indictment was returned in open court. The State argued that it does not have the burden of proving the validity of the court record reflecting that the indictment was returned in open court; rather, the defendant has the burden of showing the indictment was invalid. At the conclusion of the hearing, the trial court found that the indictment was deficient and granted the motion to quash.
This Court has already addressed this exact issue in State v. Jones, 14-0014 (La.App. 4 Cir. 6/11/14), 144 So.3d 120 rejecting the defendant’s claim that the indictment was invalid due to the lack of notation on the back of the indictment and reversing the trial court ruling on the motion to quash. In that appeal, this Court stated:
LAlthough the back of the indictment contains a place for a notation that the *836 indictment was returned in open court, to be signed and dated by the minute clerk, that portion is blank, as are the portions following that pertain to the date of arraignment, any disposition of the case, and sentencing, all also to be signed and dated by the minute clerk. While there has been no disposition or sentencing in this case, the defendant has been arraigned and has pled not guilty, but that event is also not reflected on the back of the indictment.
[[Image here]]
In State v. Shields, 33 La.Ann. 991 (1881), the Court reversed the defendant’s conviction because there was no indication that the indictment that charged him was returned by the jury in open court. The Court noted that there was no minute entry of the return nor any other indication that it was returned in open court, nor was there a minute entry showing that the grand jury was even empanelled. The Court also noted that although it was “not improbable” that the indictment was returned by the jury, the Court could not presume that this actually happened. Likewise, in State v. Sandoz, 37 La.Ann. 376 (1885), and State v. Pitts, 39 La.Ann. 914, 3 So. 118 (1887), the Court reversed the defendants’ convictions because there were no entries in the court’s minutes indicating that the indictments were returned in open court.
As argued by the State, these cases are distinguishable from the present case because here there is a certified minute entry indicating that the indictment was returned in open court. The State cites various cases where the Court rejected claims that an indictment was not returned in open court, and in each case, there was a minute entry that convinced the Court to reject the claim. In State v. Turner, 165 La. 657, 115 So. 814 (1928), the record initially failed to show that the indictment was returned in open court. The Court remanded the case for a certified minute entry to reflect whether it was returned in open court, and when the case returned to the Court, the State provided a certified minute entry so stating. The Court found this sufficient to show that the indictment was filed in open court.
In State v. Harvey, 159 La. 674, 106 So. 28 (1925), the defendant moved to quash the indictment because, among other claims, it did not indicate that it was returned in open court. The Court rejected this claim, citing language from State v. Mason, 32 La.Ann. 1018 (1880) and State v. Onnmacht, 10 La.Ann. 198 (1855) to the effect that a court may presume that an event happened if it was contained in a minute entry. In Onnmacht, at p. 1, the Court stated: “The clerk enters on the minutes only what is done while the court is in session, and only such proceedings as ought to appear of Record. No entry would be made on the minutes of what did not transpire in open court; and to presume it possible that the grand jury did not, as a body, return the indictment in this case, and in open Court, would be reversing directly the maxim, ‘omia rite acta.’ ” Relying on this “presumption of regularity,” the Harvey Court found that the minutes provided in the record countered the defendant’s claims “beyond all question and cavil.” Harvey, 159 La. at 683, 106 So. at 31. Likewise, in Mason and Onnmacht, the Court found that notations in the minutes showed that the indictments were returned in open court. See also State v. Williams, 35,911, p. 13 (La.App. 2 Cir. 9/18/02), 828 So.2d 180, 188-189, where the court rejected a similar claim because the minutes and the transcript indicated that the indictment was re *837 turned in open court. By contrast, in State v. Logan, 104 La. 254, 28 So. 912 (1900), the Court upheld a similar claim because the minutes did not reflect that the indictment was read in open court.
Here, the State presented a certified minute entry that showed that the indictment was returned in open court. As per the cases cited above, this was sufficient to counter the defendant’s claim to the contrary. As noted by the State, the defendant as the mover in the motion to quash had the burden of showing that it was not filed in open court, and his mere assertion that the minute entry may be in error did not meet this burden. Although the trial court stated that the prosecutor should have called a witness to affirm the accuracy of the minute entry, the State could reasonably rely on the presumption of regularity shown by the certified minute entry, based on the cases cited above. The court’s statement that it had been “told” that the indictment may not have been returned in open court was not backed by anything placed on the record, and its genesis is unknown. Without any showing by the defendant that the minute entry was incorrect, the prosecutor could rely on its accuracy. Absent this showing, there was no basis for the trial court’s ruling that quashed the indictment. Thus, we find that the trial court erred in quashing the indictment.
| ¡Jones, 14-0014 at pp. 5-7, 144 So.3d at 124 (emphasis added).
For the same reasons stated by this Court in the previous appeal, we find the trial court erred by granting the defendant’s motion to quash the indictment.
Accordingly, we reverse the trial court’s October 18, 2013 ruling granting the defendant’s motion to quash the indictment and we remand this matter for further proceedings.
REVERSED AND REMANDED

. The instant appeal raises the same issue as addressed by this Court in State v. Jones, 2014-0014 (La.App. 4 Cir. 6/11/14), 144 So.3d 121, an appeal of the criminal proceedings against this defendant in Criminal Case no. 517-255, in which Jones is charged with two counts of attempted second degree murder and two counts of second degree murder; two of the counts in case no. 517-255 are duplicate charges to the counts alleged in the instant appeal.

. The transcript of the hearing reflects that the trial court ruled to quash the indictment in both case nos. 517-255 and 517-161. The State filed a separate motion for appeal and designation of the record for each case no. The appeal in case # 517-255 was lodged in this Court in January, 2014, but the appeal in the instant case was lodged in this court in March, 2014.

. The return of the indictment in open court is not among the enumerated grounds for a motion to quash an indictment as provided within La.C.Cr.P. arts. 532 and 533. However,
[TJheir lists are merely illustrative, and motions not based on the grounds therein should not be automatically denied, (citations omitted) In making the determination of whether a given issue is appropriate to raise in a motion to quash, a court should determine whether 'it is a defense which, if successful, requires dismissal of the indictment regardless of the merits of the charge ... and which by its nature must be available before trial.'
State v. Franklin, 13-0488, pp. 5-6 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, 667 (quoting State v. Reaves, 376 So.2d 136, 138 (La.1979)).