JAMES F. MCKAY III, Chief Judge.
_JjThe State appeals the November 13, 2015 ruling of the trial court granting the defendant’s motion to quash a bill of information. For the reasons that follow, we reverse and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On April 14, 2015, the defendant, Gregory Grant, was charged with one count of possessing a firearm having been previously convicted of a domestic abuse battery, in violation,of La. R.S. 14:95.10. The bill of information under La. R.S. 14:95.10 was predicated upon the defendant’s March 10, 2014 guilty plea to domestic abuse battery relative to La. R.S. 14:35.3, a misdemean- or. La. R.S. 14:95.10 went into effect on August 1, 2014, several months after the defendant’s guilty plea on the domestic abuse battery charge.
The defendant filed a motion to quash the bill of information asserting that La. R.S. 14:95.10 is invalid as to the defendant because it was enacted after he pled guilty to the predicate' offense. The State opposed the motion asserting that the defendant was charged under a valid statute. After hearing arguments on the matter, the trial court granted the defendant’s motion.
l2The State filed the instant appeal asserting that the trial court erred in finding that the statute was unconstitutional. The State further argues that the trial court’s ruling should be reversed because the Attorney General’s Office was not served in this action as required by law. We note that the Louisiana Attorney General’s Office has filed an appeal brief, also asserting that the trial court erred in granting the defendant’s motion to quash, and arguing that the Attorney’s General’s Office was not given an opportunity to be heard before the trial court ruled.
DISCUSSION
Louisiana jurisprudence dictates that when reviewing a ruling on a motion to quash involving solely a legal issue, as in the present' ease, a de novo standard of review is applied. State v. Jones, 14-0014, p. 2 (La.App. 4 Cir. 6/11/14), 144 So.3d 120 (citing State v. Hall, 13-0453, p. 11 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39). Moreover, the trial court’s interpretation of a constitutional issue of law is also reviewed de novo. State v. Smith, 99-0606, p. 3 (La.7/6/00), 766 So.2d 501, 504.
In his motion to quash the bill of information, the defendant asserted that because La. R.S. 14:95.10 was enacted after his plea on the domestic abuse battery charge, he never received fair warning of the possible penalty. Specifically, the defendant argued that pursuant to the principle of lenity, the statute is invalid as ap *1221 plied to him. Although the defendant’s motion to quash does not specifically [1] 3use the term “unconstitutional’’, it appears that he is making an applied constitutional challenge to the statute.[2]
The record reflects that the trial court rejected the defendant’s lenity argument. The jurisprudence has established that “it is unnecessary to resort to the rule of lenity when there is no ambiguity in the statute or the intent of the legislature.” State v. Watts, 09-0912, pp. 13-14 (La.App. 4 Cir. 6/16/10), 41 So.3d 625, 636 (citing State v. Shaw, 06-2467, p. 19, (La.11/27/07), 969 So.2d 1233, 1244). Here, the statute at issue is not ambiguous, thus the trial court correctly rejected the defendant’s lenity argument. However, in granting the defendant’s motion to quash the bill of information, the trial court supplied its own reasoning, finding that the statute’s retroactive application to the defendant was invalid. In doing so, the trial court effectively determined that the statute violated the ex post facto provisions of art. I, § 10 of the United States Constitution and La. Const, art. I, § 23.[3] Based on our de novo review or the record, the trial court’s ruling can only be construed as a substantive declaration that the retroactive application of La. R.S. 14:95.10 is unconstitutional.[4] For the reasons set forth below, we find this ruling to be in error.
The Louisiana Supreme Court has long held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. State v. Hatton, 07-2377, p. 14 (La.7/1/08); 985 So.2d 709, 719. “The purpose of particularizing the constitutional grounds is so that the adjudicating court can analyze and interpret the language of the constitutional provision specified by the challenger” State v. Overstreet, 12-1854, p. 10 (La.3/19/13), 111 So.3d 308, 315 (citing State v. Expunged Record (No.) 249,044, 03-1940, p. 4 (La.7/2/04), 881 So.2d 104, 107). Moreover, it is well established that “to allow the trial court to raise a challenge on its own or to allow a defendant to raise a challenge for the first time on appeal, denies the parties the opportunity to brief and argue the constitutional grounds.” State v. Jackson, 14-0655, p. 6 (La.App. 4 Cir.. 11/26/14), 154 So.3d 722, 725, citing Hatton, 07-2377, p. 18, 985 So.2d at 721.
In the present case, the defendant failed to sufficiently particularize the grounds for his constitutional challenge of the statute. He argued generally that pursuant to the principle óf lenity, he was *1222 not provided with a fair warning of what conduct would be considered criminal. Furthermore, as previously stated, the trial court rejected that argument but relied on other grounds (the retroactive application of the statute) not raised by the defendant. Considering Hatton and its progeny, we. find that the trial court erred.
Additionally, we note that the defendant did not notice or request service on the attorney general as required by La. C.C.P. art. 1880. Regarding this requirement, the Court in Vallo v. Gayle Oil Co., Inc., 94-1238, (La.11/30/94), 646 So.2d 869, stated:
When the constitutionality of a statute, ordinance or franchise is assailed in a declaratory judgment action the attorney general must be served with a copy of the proceeding and he is entitled to be heard and/or, at his discretion, to represent or supervise the representation of the interests of the state in the proceeding., LSA-R.S. 49:257(B); LSA-C.C.P. art. 1880. In all other proceedings in which the constitutionality of a statute, ordinance or franchise is assailed, the | fiattorney general should be served notice and/or a copy of the pleading and, at his discretion, be. allowed to be heard and to' represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); see also LSA-R.S. 13:4448.
Vallo, 94-1238, p. 7, 646 So.2d at 864; See also State v. Schoening, 00-0903 (La.10/17/00), 770 So.2d 762.
CONCLUSION
.. Based on our de novo review of the record, we find that the defendant did not sufficiently particularize the grounds for his constitutional challenge of La.- R.S. 14:95.10 as required by the jurisprudence, nor did he request service on the attorney general. Moreover, the trial court improperly relied on grounds not raised by the defendant in finding that the retroactive application of the statute to this defendant was unconstitutional. Accordingly, we find that the trial court erred in quashing the bill of information. The trial court’s ruling is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED

. "The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal.” State v. Carr, 99-2209, p. 4, (La.5/26/00), 761 So.2d 1271, 1274. "The rule is based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited.” Id. at p. 5. (internal citations omitted).

. -On appeal, the defendant makes a more specific constitutional challenge, asserting that his second amendment rights have been violated.

. Four categories of ex post facto laws have been identified: (l).a law making criminal, and subject to punishment, an activity, which was innocent when originally done; (2) a law aggravating a crime or making it a greater crime than it was when originally committed; (3) a law aggravating a crime’s punishment; and (4) a law altering the rules .of evidence to require less or different testimony than was required at the time of the commission of the crime. State ex rel. Olivieri, 00-0172, 00-1767, p. 11, (La.2/21/01) 779 So.2d 735, 742 (citation omitted).

.It is clear from the defendant’s appeal brief that he also interpreted the triál court’s ruling as a finding that the retroactive application of the statute violated the ex post facto provisions.