STATE OF LOUISIANA      *      NO. 2022-KA-0016

VERSUS      *

     COURT OF APPEAL

MICHAEL RAY HOLMES      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 18-3217, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Pro Tempore Lynn M. Luker, Pro Tempore Judge Madeline Jasmine)

Charles Joseph Ballay, District Attorney
DISTRICT ATTORNEY, 25TH JDC, PLAQUEMINES PARISH
Temia P. Griffin
ASSISTANT DISTRICT ATTORNEY
333 F. Edward Hebert Blvd., Bldg. 201
Belle Chasse, LA 70037

     COUNSEL FOR APPELLANT

Harrece Gassery
ATTORNEY AT LAW
300 Huey P. Long Avenue, Suite 1
Gretna, LA 70053

     COUNSEL FOR APPELLEE

                    **AFFIRMED**
                    **APRIL 13, 2022**

*RML*
*LML*
*MJ*

This is a criminal case.  The State of Louisiana appeals the district court's November 16, 2021 judgment granting the motion to quash the bill of information filed by the defendant, Michael Ray Holmes.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 23, 2018, Plaquemines Parish sheriff's deputies arrested Mr. Holmes at a church in Belle Chasse, Louisiana.  On December 6, 2018, the State charged Mr. Holmes by bill of information with one count of resisting an officer, in violation of La. R.S. 14:108.[1]  Mr. Holmes pled not guilty and the case was scheduled for trial on February 26, 2019.  After several continuances, trial was ultimately scheduled for September 24, 2019.

On the date scheduled for Mr. Holmes' trial, September 24, 2019, the record reflects a minute entry that reads: "On motion of the State, this matter is dismissed. Completed informal diversionary program."  According to this minute entry, the

---

[1] In its brief, the State alleges a series of salacious actions and behavior by Mr. Holmes that led to his arrest.  Because these allegations are unsubstantiated by the record and the underlying facts of this case are irrelevant to the issues presented in the State's appeal, we decline to address them.

1

district court judge, the assistant district attorney, and the district court reporter were all present in court at the time of the dismissal. Neither Mr. Holmes nor his attorney was present.

Nearly two years later, in August 2021, Mr. Holmes filed a motion to correct the September 24, 2019 minute entry. In this motion, Mr. Holmes claimed that the minute entry, which stated that Mr. Holmes' dismissal was based on his completion of a pretrial diversion program, was inaccurate. According to Mr. Holmes, he never agreed to complete a pretrial diversion program. Rather, Mr. Holmes claimed, the State's dismissal based on Mr. Holmes' purported completion of a pretrial diversion program was a tactic to shield the State from liability in a separate civil rights lawsuit Mr. Holmes filed on September 23, 2019.[2] Mr. Holmes attached exhibits to his motion that included correspondence with two of his prior attorneys—two letters, dated April 18, 2019, and April 26, 2019, and an email dated September 23, 2019. Each of these correspondences reflects that Mr. Holmes refused to participate in the pretrial diversion program. At the hearing on this motion, the district court denied Mr. Holmes' motion but observed that his

---

[2] *Heck v. Humphrey*, 512 U.S. 477, 488, 114 S.Ct. 2364, 2372 (1994), bars the litigation of a claim under 42 U.S.C. 1983 if success on that claim "would necessarily imply that a prior conviction or sentence is invalid." To lift the *Heck* bar, the plaintiff must show that the prior criminal proceeding terminated in his favor. *Id*. at 487. Some courts, including the United States Court of Appeals for the Fifth Circuit, have held that the *Heck* bar applies to cases dismissed based on the accused's completion of a pretrial diversion program because such programs do not affirmatively indicate innocence. *See Taylor v. Gregg* 36 F.3d 453 (5th Cir. 1994); *Morris v. Mekdessie*, 768 Fed.Appx. 299 (5th Cir. 2019).

case seemed to be active, because the record contained no written record of the dismissal.[3]

Prompted by the district judge's observation, on October 8, 2021, Mr. Holmes filed a motion to quash the bill of information based on the expiration of the one-year time limitation for trial of misdemeanors pursuant to La. C.Cr.P. art. 578(A)(3).[4]  In the motion to quash, Mr. Holmes argued that the State had failed to dismiss the bill of information as required by law and, thus, Mr. Holmes was entitled to dismissal based on the State's failure to timely prosecute.

In opposing Mr. Holmes' motion to quash, the State argued that the district attorney had already orally dismissed Mr. Holmes' case, pursuant to La. C.Cr.P. art. 691,[5] as evidenced by the September 24, 2019 minute entry.  At the hearing on the motion to quash, the State introduced into evidence several minute entries from other criminal cases that were orally dismissed based on completion of pretrial diversion programs.  The State argued that these minute entries from other cases demonstrated that oral dismissal is a common method to dismiss criminal cases.

---

[3] The district judge explained that, typically, the State either files a written motion to dismiss or records the dismissal in writing on the bill of information, which is then filed in the district court record.  Here, the district court record contained neither a written motion to dismiss nor a written statement of dismissal, prompting the district judge to comment that it seemed Mr. Holmes' charge was not dismissed.

[4] La. C.Cr.P. art. 578(A)(3) provides, in pertinent part: "no trial shall be commenced nor any bail obligation be enforceable: . . . (3) In misdemeanor cases after one year from the date of institution of the prosecution."

[5] La. C.Cr.P. art. 691 provides:

> The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.

At the hearing on the motion to quash, the district court found that La. C.Cr.P. art. 691 requires the State to either file a written statement of dismissal in the court record or dismiss the bill of information orally in open court. Observing that the record contained no written dismissal statement, the district court asked the parties whether they had requested a transcript, which would evidence an oral dismissal made in open court. The State responded that it had requested the transcript of the State's dismissal of Mr. Holmes' charges but that no transcript existed. In the absence of either a written statement of dismissal or a transcript reflecting an oral dismissal made in open court, the district court found that Mr. Holmes' charge was not lawfully dismissed and granted his motion to quash, based on the expiration of the one-year time limitation to bring the misdemeanor charge to trial.

The State's timely appeal followed.

## DISCUSSION

The State assigns two errors on appeal: 1) the district court erred in finding that the State did not dismiss the bill of information against Mr. Holmes on September 24, 2019, as reflected by the minute entry; and 2) the district court erred in granting Mr. Holmes' motion to quash after the time to file the motion to quash had expired. We find neither argument persuasive.

As the district court observed, La. C.Cr.P. art. 691 grants the district attorney the power to dismiss an indictment or bill of information without the consent of the district court. But, article 691 also prescribes the two methods by which the

4

district attorney may exercise its power to dismiss a charge: orally in open court or by a written statement of dismissal signed by the district attorney and filed with the clerk of court. It is undisputed that no written statement of dismissal exists here; thus, the question presented turns on whether the district attorney orally dismissed the bill of information in open court.

The district court answered this question in the negative, finding that any purported oral dismissal was not made in open court. We find no error in the district court's judgment.

The term 'open court' as used in La. C.Cr.P. art. 691 is not defined by statute, but BLACK'S LAW DICTIONARY defines 'open court' as: "[a] court that is in session, presided over by a judge, attended by the parties and their attorneys, and engaged in judicial business." BLACK'S LAW DICTIONARY (11th ed. 2019). During the hearing, the district judge reasoned that if he was on the bench and engaged in judicial business, the court reporter would have made a transcript of the proceedings. The absence of a transcript, thus, suggests that the State's oral dismissal was not made in open court, *i.e.*, while the district judge presided over the proceedings and was engaged in judicial business.

The State argues that district court erred because the September 24, 2019 minute entry indicates that the State's dismissal was delivered in open court. In support, the State cites *State v. Jones*, 14-0280 (La. App. 4 Cir. 7/23/14), 146 So.3d 833, in which this court held that the State could rely on the accuracy of a certified minute entry, absent a showing by the defendant that the minute entry was

inaccurate. But here, unlike in *Jones*, Mr. Holmes has shown that the September 24, 2019 minute entry is not entitled to a presumption of regularity for several reasons. First, the correspondence attached to Mr. Holmes' motions reflects that he consistently refused to participate in a pretrial diversion program, contrary to the State's representation in the September 24, 2019 minute entry. Moreover, although the complete terms of the alleged pretrial diversion agreement are not in the record,[6] one of the exhibits Mr. Holmes attached to his motion includes an email from an assistant district attorney stating that a condition of successful completion of the pretrial diversion program was Mr. Holmes' refraining from filing a civil suit. This term was not fulfilled, as purported in the September 24, 2019 minute entry, because Mr. Holmes filed suit on September 23, 2019.

Lastly, an admission by the State's own attorney undermines the reliability of the September 24, 2019 minute entry. During argument, counsel for the State claimed that "historically, based upon just my previous experience being here in a year, is that we actually put [the dismissal] on the record when you're [the district judge] not typically on the bench." This claim by the State undermines not only the September 24, 2019 minute entry at issue in Mr. Holmes' case, but also the minute entries submitted into evidence by the State reflecting oral dismissals in other cases, because each minute entry purports that the district judge was present

_____

[6] The record is devoid of any agreement to participate in a pretrial diversion program or the complete terms of the alleged agreement. This absence is relevant given that "[t]he conditions that a defendant must fulfill in order to complete a pre-trial diversion program may vary immensely, but those terms must be explicit and enumerated in the agreement." *State v. Franklin*, 13-1489, p. 6 (La. App. 4 Cir. 6/11/14), 147 So.3d 231, 237.

at the time of the oral dismissal. These minute entries are thus contrary to the State's admitted customary practice.

In light of the showing made by Mr. Holmes coupled with the State's own admission, which casts doubt on the accuracy of the September 24, 2019 minute entry, the State was not entitled to rely on the September 24, 2019 minute entry. Consequently, in the absence of a reliable minute entry or a transcript reflecting the State's oral dismissal of Mr. Holmes' charges in open court, we find no error in the district court's judgment granting Mr. Holmes' motion to quash.

The second issue the State raises on appeal is that the district court erred in granting Mr. Holmes' motion to quash, because the motion to quash was moot after the State purportedly dismissed the charge against Mr. Holmes on September 24, 2019. In light of our finding that the State failed to lawfully dismiss Mr. Holmes' charge or to commence trial within one year of filing the bill of information against Mr. Holmes, we find this argument unpersuasive.

## **DECREE**

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED**