LOBRANO, J.,
dissents with reasons.
hi respectfully dissent from the majority opinion. I would find that the trial court abused its discretion in granting the motion to quash filed by Defendant, Dominique Domino. The majority opinion is primarily based on a finding that the State failed to present evidence to show its own due diligence in discovering and monitoring the whereabouts of Defendant so that prosecution against Defendant could be commenced in a timely manner.[1] However, Louisiana jurisprudence, in particular State v. Romar[2] and State v. McQuirter[3], compels a different result: Once a defendant receives actual notice of a pending hearing or trial date and subsequently fails to appear in court, the effort made by the State to locate a defendant who is “theoretically ‘locatable’ ” is of no significance as prescription was interrupted until the cause of the interruption no longer exists.
In State v. Romar, the defendant was charged with a third offense of operating a vehicle while intoxicated in 1997 and arraigned in January 1998. 12The defendant appeared for a pretrial motion hearing, which was then reset for April 1998. The court issued an attachment for the defendant’s arrest when he failed to appear in April 1998 and again in June 1998. Eight years later, the defendant was arrested on another charge of operating a vehicle while intoxicated and as a result of the capias for his arrest previously issued. The defendant then filed a motion to quash on the basis that the State had failed to exercise *904 due diligence to execute the outstanding warrant in the years following the defendant’s failure to appear for the scheduled hearings. The trial court granted the motion to quash and the appellate court affirmed. Romar, 2007-2140, pp. 1-2, 985 So.2d at 724.
The Louisiana Supreme Court, however, reversed. The Court initially recognized that the State “bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by [La.C,Cr. P. art.] 578 ... which “ordinarily requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him.” Id. at p.3, 985 So.2d at 725. However, the Court found that when prescription is interrupted under La.C.Cr.P. art; 579(A)(3), as a result of the defendant’s failure to appear at any proceeding pursuant to actual notice, proof of which appears in the record, the State no longer has an affirmative duty to search for the defendant." Id. at p. 6, 985 So.2d at 726. Since an arrest warrant remains in effect until executed,[4] the Romar Court found that Louisiana law grants the State the discretion to keep the attachment open as a “trip wire” against the day when a defendant 'again comes under the scrutiny of authorities. Id. at pp. 7-8, 985 So.2d at 727. The Louisiana IsSupreme Court stated:
In the present case, the period of limitation did not begin to run anew until the cause of the interruption no longer existed, i.e., until defendant was finally arrested on the open attachment and appeared in court to dispose of the criminal contempt proceeding. The burden under La.C.Cr. P. art. 579(A)(3) thus falls not on the state to show that defendant had placed himself outside of its control to secure his presence at trial but on the defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice, and one of those consequence, since 1984, is the interruption of the time limits placed on trial.
The Romar Court thus found that, although the defendant was theoretically “locatable,” the State’s efforts to find him were of no significance once it was established that the defendant had failed to appear in court after receiving actual notice.
In State v. McQuirter, the defendant/ap-pellee was charged in Orleans Parish by bill of information with the crime of Simple Burglary on June 19, 2003. McQuirter, 2012-0486, pp. 1-2, 108 So.3d at 371. Bond was set at $7,500. The defendant was arraigned on June 24, 2003, and pled not guilty. As a special condition of her bond, she was ordered to participate in the court’s intensive probation program and to report for weekly drug tests beginning on June 25, 2003, The record indicated that the defendant was notified that her next hearing date would be July 14, 2003. The July 14th hearing was subsequently reset several times due to the defendant not being served. The trial court issued an alias capias and set the matter for bond forfeiture on August 27, 2003. The matter was reset on August 27, 2003, and, again on September 15, 2003 when the court learned that the appellee had not been served. When the defendant did not appear for the September 15, 2003 bond forfeiture hearing, the trial court issued an alias capias and ordered that no bond be set. The bond forfeiture hearing was continued without date.
*905 Meanwhile, the defendant in McQuirter was arrested by Jefferson Parish authorities on December 29, 2003, and was sentenced to serve seven years with the ^Louisiana Department of Corrections on March 25, 2004. An arrest warrant was issued by the Orleans Parish Sheriff on December 6, 2011, based on the alias capi-as of September 15,2003. With the defendant scheduled to be released from custody on the Jefferson Parish conviction on December 7, 2011, the defense attorney made an unscheduled court appearance in Orleans Parish on December 6, 2011, where a capias for the arrest of the defendant was issued for December 7, 2011. On December 7, 2011, the defendant appeared before the Orleans Parish trial court where her bond obligation was set at $1,000.00. The matter was reset for a status hearing on December 19, 2011. At the status hearing of December 19, 2011, counsel for the defendant orally moved to quash the State’s bill of information of June 19, 2003, After a hearing on January 12, 2012, the trial court granted defendant’s motion to quash and the State appealed.
This Court in McQuirter found no statutory basis for quashing the bill of information in that the State had carried its burden of proving that the defendant had received notice in open court on June 24, 2003 that she was to appear on July 14, 2003 and yet she failed to do so. This Court stated:
Further, we do not find that the State had an obligation to bring the appellee to trial while she was incarcerated in Jefferson Parish once the prescription period was interrupted when appellee failed to appear in court. See State v. Williams, 2011-1231, pp. 6-7 (La.App. 4 Cir. 5/23/12), 95 So.3d 554, 558, (whereby this Court held that the State is under no obligation to locate a defendant who was subsequently incarcerated in another parish once the prescriptive period has been interrupted by record proof of actual notice.)
McQuirter, 2012-0486, pp. 9-10, 108 So.3d at 375-76, The Court therefore reversed the judgment of the trial court, which had granted the motion to quash. Id. at pp. 9-10,108 So.3d at 375-76.
In the case sub judice, the record reveals that Defendant was charged by bill of information on August 20, 2011, and therefore the State had to proceed to trial no later than August 20, 2013. See La. C.Cr.P. art. 578(A)(2). The time period set | (-forth in La.C.Cr. P. art. 578(A)(2) is interrupted if “the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.” La. C. Cr. P. art. 579(A)(3). The record reveals that Defendant had actual notice at the October 13, 2011 hearing that he was to appear on October 31, 2011, and failed to do so, triggering the issuance of a capias for his arrest. Based upon the aforementioned jurisprudence, although the State learned of Defendant’s incarceration in Florida as early as October 2011, the State had no affirmative duty to monitor the status of the outstanding arrest warrant issued for Defendant. Thus, the running of the limitation period commenced to “run anew” once the cause of the interruption no longer existed[5] and prescription was interrupted until Defendant reappeared in court on July 23, 2014, and the trial court recalled the alias capi- *906 as. Accordingly, I would reverse the ruling of the trial court granting Defendant’s motion to quash and remand the case for further proceedings.

.The majority also faults the State for arguing in favor of prescription being suspended, an issue the State failed to first raise with the trial court. Moreover, the majority notes that the State advocated for application of La. C.Cr. P. art. 579(C), a provision which was not yet in effect at the time Defendant was incarcerated. While the State certainly made some erroneous arguments to the trial court in support of its opposition to the motion to quash, the State did properly raise the issue to the trial court that Defendant’s failure to appear at the scheduled hearing was sufficient to interrupt prescription.

. State v. Romar, 2007-2140, pp. 7-8 (La.7/1/08); 985 So.2d 722, 727.

. State v. McQuirter, 2012-0486, p. 5 (La.App. 4 Cir. 1/23/13); 108 So.3d 370, 373.

, See La.C.Cr. P. art, 205.

. See State v. Williams, 11-1231, pp. 4-5 (La. App. 4 Cir 5/23/12); 95 So.3d 554, 557, writ denied, 12-1447 (La. 1/18/13); 107 So.3d 623 (where the State had no “affirmative duty to search for a defendant” after he failed to appear at the May 5, 2005 bond hearing, and, as such, the interruption of the time limitation for commencing trial began to run anew when the cause of the interruption no longer existed).