Madeleine M. Landrieu, Judge
hThe State of Louisiana appeals the trial court’s judgment granting defendant’s motion to quash the bill of information. For reasons that follow, we affirm the judgment of the trial court, which found that the two-year time limitation for commencing trial had lapsed.
On January 14, 2010, the defendant, Rene Barletter, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62.[1] On February 12, 2010, the defendant appeared for arraignment and entered a plea of not guilty. The defendant appeared for motion hearings on Mareh 19, 2010, and April 22, 2010. At the April 22, 2010 hearing, the court found probable cause and set trial for June 9, 2010. Defendant received notice of the trial date in open court. Defense counsel appeared without the defendant on June 9, 2010, and trial was rescheduled 12for July 28, 2010. The defendant failed to appear on that date, whereupon the court issued an alias capias for the defendant’s arrest and set the matter for a bond forfeiture hearing on August 11, 2010. That hearing was then continued to August 25, 2010, on which date the defendant failed to appear and the trial court ordered the,defendant’s bond forfeited. ■ •
On February 24, 2011, Bankers Insurance Company, the surety of the bond, filed a motion to set aside the bond forfeiture, and attached to the motion information from the Mississippi Department of Corrections indicating: that the defendant had been incarcerated in Mississippi since August 20, 2010, and therefore, was unable to appear. A hearing on the motion was scheduled for March 28, 2011, and the motion was granted on that date. The defendant failed to appear at several additional hearings and pre-trial conferences in 2011.
On April 15, 2013, while still incarcerated in Mississippi, the defendant, through counsel, filed his first motion to quash the bill of information, which alleged that the State had not commenced trial within the two-year time limitation required by La. C.Cr.P. art. 578(A)(2) for a non-capital felony offense.[2] In his motion, the defendant argued that the State had knowledge of his incarceration in Mississippi as of the February 24, 2011 motion to set aside bond forfeiture, and failed to take steps to secure his appearance in Criminal District Court.[3] The trial court denied the motion *364 to quash, finding that the prescriptive period was ^interrupted when the defendant failed to appear at the July 28, 2010 trial setting after having received actual notice of trial on June 9, 2010, when he appeared in court.[4] The trial court further found that the fact that the defendant became “locatable” was of no significance and that “time will begin to run anew when the cause for the interruption no longer exists,” citing State v. McQuirter, 2012-0486 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, and State v. Williams, 2011-1231 (La.App. 4 Cir. 5/23/12), 95 So.3d 554.
On January 26, 2016, the defendant was arrested pursuant to the capias issued on July 28, 2010. On February 12, 2016, the defendant filed a second motion to quash, again alleging that the time limitation for commencing trial had expired. The defendant argued that because his 2013 motion to quash gave the State sufficient notice of his custodial location, the period of limitation to commence trial began to run anew at that time. In support of his argument, the defendant cited the 2013 amended version of La. C.Cr.P. art. 579, which became effective four months after his first motion to quash was denied. The amended version of La. C.Cr.P. art. 579 added a provision, which states in pertinent part:
C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant’s custodial location. For purposes of this Paragraph, “notice” shall mean either of the following:
(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.
LThe trial court granted the defendant’s second motion to quash the bill of information, finding that the 2013 motion to quash provided the State sufficient notice of defendant’s custodial location and that the two-year time limitation for commencing trial under La. C.Cr.P. art. 578 had elapsed by the time the second motion to quash was filed in 2016. The State has appealed this ruling.
On appeal, the State argues that the trial court abused its discretion in granting the defendant’s motion to quash the bill of information. A trial court’s ruling on a motion to quash, which involves mixed issues of fact and law, as in the instant matter, is reviewed under an abuse of discretion standard. State v. Stewart, 2015-0135, p. 5 (La.App. 4 Cir. 9/9/15), 176 So.3d 465, 468-69. A motion to quash may be asserted on the grounds that the time limitation for the institution of trial has expired. La. C.Cr.P. art. 532(A)(7).
Because the crime of simple burglary is a non-capital offense, the State had two years from the date of the institution of prosecution to bring this matter to trial. La. C.Cr.P. art. 578. However, prescriptive periods can be interrupted and will commence to run anew from the date the cause of interruption no longer exists. La. *365 C.Cr.P. art. 579(B). One of the circumstances where an interrupted prescriptive period begins to run anew is when the district attorney prosecuting the original charge has notice of the defendant’s custodial location. La. C.Cr.P. art. 579(C).
The 2013 amendment to La. C.Cr.P. art. 579, which added paragraph (C), is procedural in nature and has retroactive application.[5] In Stewart, this Court noted:
[s... the addition of Subpart C to Article 579 eliminates any doubt as to when an interruption of the time period for bringing a defendant to trial ends. It relieves the State of the obligation to search for a defendant who fails to appear for a scheduled court date and places the burden on a defendant who is subsequently arrested to take affirmative steps to end that interruption. Under Subpart C, the defendant may do so by either appearing in open court or providing “notice” to the district attorney “of the [his] custodial location.” La. C.Cr.P. art. 579 C. Notice, as defined in this part “shall mean ... [fjiling in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.” La. C.Cr.P. art. 579 C(l)(emphasis added).
Stewart, 2015-0135, p. 13, 176 So.3d at 472-73.
The State argues that the defendant’s 2013 motion to quash did not give the State sufficient notice of the defendant’s incarceration in Mississippi because “the references to defendant’s ... incarceration are tucked away amongst the nine pages of text of the pleading, and defendant’s ... place of incarceration is referred [to] nowhere in the title of the pleading or in the numerous subject headings. There is no evidence that the prosecutor read the references to defendant’s place of incarceration scattered about the pleading, or that if he did, he appreciated the legal significance of the representation.” Alternatively, the State asserts that even if the 2013 motion to quash sufficiently apprised the prosecutor of the defendant’s location, actual notice alone is insufficient to begin anew the two-year prescriptive period of La. C.Cr.P. art. 578 because the motion does not contain or constitute | (¡evidence that “certification of notice provided to the district attorney” was “[fjiled in the court record,” as required by La. C.Cr.P. art. 579(C)(1).
We find no merit in the State’s arguments. The 2013 motion to quash contains seven references to the defendant’s incarceration in Mississippi, which began in August 2010, while his burglary case was pending in Louisiana. In fact, there is a reference to the defendant’s incarceration on almost every page of the 2013 motion to quash. One of those references states: “[The defendant] was taken into custody for a parole matter in Mississippi on August 20, 2010. [The defendant] has remained in Mississippi custody since August 20, 2010.” This statement alone was sufficient to provide the State with notice of *366 the defendant’s custodial location. La. C.Cr.P. art. 579(C)(1) does not require that notice of custodial location be included in the title or subject headings of the pleading.
Furthermore, the fact that the 2013 motion to quash was stamped and filed into the court record and served upon the District Attorney’s office satisfied the requirement of La. C.Cr.P. art.' 579(C)(1) that certification of notice be provided to the District Attorney, There is no requirement in that Article that the certification of notice must be in a separate pleading, as argued by the State.
On April 15, 2013, the date of the filing of the first motion to quash, the defendant provided the State with notice of his custodial location in accordance with the terms of La. C.Cr.P. art. 579(C)(1).[6] The time limitation for the. State to commence trial began to run anew as of that date. Because trial was not ^commenced within two years of April 15, 2013, the trial court did not abuse its discretion in granting the defendant’s February 12, 2016 motion to quash.[7]
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED

.' La. R.S. 14:62 states:
A. Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.
B. Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.

. La. C.Cr.P art. 578(A)(2) states:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
[[Image here]]
(2) In other felony cases after two years from the date of institution of the prosecution,

. The defendant stated that this motion to set aside bond forfeiture was filed on March 28, 2011, but the record shows the-motion was *364 filed on February 24, 2011, and granted on March 28, 2011.

. La. C.Cr.P. art. 579(A)(3) provides that the period of limitation established by Article 578 shall be interrupted if the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

. The 2013 amendment to La. C.Cr.P. art. 579 was enacted on May 23, 2013, and became effective on August 1, 2013, after the charges against the present defendant were instituted. However, in State v. Stewart, 2015-0135, p. 15 (La.App. 4 Cir. 9/9/15), 176 So.3d 465, 473, this Court stated that the provision is procedural in nature and is to be applied retroactively. The general rule regarding retroactivity of laws is codified in La. C.C. art. 6, which provides as follows:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.

. There is no indication in the record that the State attempted to secure the defendant's presence in court after receiving notice of his custodial location.

. The deféndant also argued in his 2016 motion to quash that the 2011 filing of the motion to set aside bond forfeiture provided the State with knowledge of the defendant's whereabouts because attached to that motion was information from the Mississippi Department of Corrections regarding the defendant's incarceration. However, because we agree with the trial court’s finding that the 2013 motion to quash gave the State notice of the defendant’s custodial location, and the 2016 motion to quash was properly granted on that basis, we need not address the defendant's ' arguments about the 2011 filing.