NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-421

STATE OF LOUISIANA

VERSUS

BRYAN DAWAYNE KIBODEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 64279
HONORABLE THOMAS FREDERICK, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Van H. Kyzar, Candyce G. Perret, and Gary J. Ortego, Judges.

AFFIRMED AND REMANDED
WITH INSTRUCTIONS.

**Mary Constance Hanes**
**Louisiana Appellate Project**
**P.O. Box 4015**
**New Orleans, LA 70178-4015**
**(504) 866-6652**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Brian Dawayne Kibodeaux**

**Donald Landry**
**District Attorney**
**Celeste White**
**Assistant District Attorney**
**Fifteenth Judicial District**
**100 North State Street**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**KYZAR, Judge.**

Defendant appeals his convictions on two counts of first degree rape, one count of sexual battery, and four counts of molestation of a juvenile, asserting that the trial court erred in denying his motion to quash the indictment against him. For the reasons herein, we affirm and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Defendant, Bryan Dawayne Kibodeaux, was indicted by a grand jury on April 22, 2019, and charged with six counts of first degree rape involving three juveniles under the age of thirteen, A.L., B.L. and R.H., in violation of La.R.S. 14:42.[1] He was charged with five counts of sexual battery involving two juveniles under the age of thirteen, A.L. and B.L., in violation of La.R.S. 14:43.1(C)(2). He was charged with six counts of indecent behavior involving three juveniles under the age of seventeen, A.L., B.L., and R.H., in violation of La.R.S. 14:81. He was also charged with six counts of molestation of three juveniles, A.L., B.L., and R.H., in violation of La.R.S. 14:81.2. All of the offenses were alleged to have occurred between August 2016 and January 2019. At the time of his indictment, Defendant was forty-three-years old.

After the trial court granted multiple continuances between August 2019 and March 10, 2023, Defendant moved, on March 10, 2023, to quash the April 22, 2019 indictment based upon the expiration of the time delays for trial set forth in La.Code Crim.P. art. 578(A)(2). The trial court denied Defendant's motion on July 27, 2023, after which this matter proceeded to a bench trial.[2] Following a one-day trial,

---

[1] Initials are being used in this case to protect the identity of the victims in accordance with La.R.S. 46:1844(W)(1)(b).

[2] On August 23, 2023, the trial court granted Defendant's motion to waive his right to trial by jury.

Defendant was convicted of one count of first degree rape, one count of sexual battery, and four counts of molestation of a juvenile (A.L.); and one count of first degree rape (R.H.).

On December 21, 2023, Defendant's post-trial motions for acquittal and for new trial were denied by the trial court. He was sentenced that same day to serve life imprisonment at hard labor on each of the two counts of first degree rape; twenty-five-years imprisonment at hard labor on one count of sexual battery; and twenty-five-years imprisonment at hard labor on each of the four counts of molestation of a juvenile. The sentences were ordered to run consecutively with each other, and all were ordered to be served without the benefit of parole, probation, or suspension of sentence. This appeal followed.

In his sole assignment of error, Defendant asserts that the trial court abused its discretion in denying his motion to quash.

## OPINION

Defendant argues that the trial court abused its discretion in denying his motion to quash the indictment based upon the expiration of the time delays for trial set forth in La.Code Crim.P. art. 578(A)(2). He asserts that the case prescribed on March 29, 2022, long before his motion to quash was filed on March 10, 2023. We disagree.

> Louisiana Code of Criminal Procedure Article 578(A)(2) provides that trial of noncapital felonies must be held within two years from the date of institution of prosecution. "Institution of prosecution" includes the finding of an indictment which is designed to serve as the basis of a trial. La.Code Crim.P. art. 934(7). Once the issue is raised, the State bears "the burden of proving the facts necessary to show that the prosecution was timely instituted." La.Code Crim.P. art. 577; *see also State v. Duraso*, 12-1463, 12-1465 (La.App. 3 Cir. 12/11/13), 127 So.3d 1015, *writs denied*, 14-50, 14-74 (La. 6/20/14), 141 So.3d 286. A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La.Code Crim.P. art. 532(A)(7).

2

We review judgments on motions to quash for abuse of discretion. *State v. Gray*, 16-687 (La. 3/15/17), 218 So.3d 40. "[A]n appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. However, the trial court's legal findings are subject to a de novo standard of review." *Id*. at 43 (citations omitted).

*State v. Bessard*, 20-84, p. 7-8 (La.App. 3 Cir. 11/18/20), 307 So.3d 1158, 1163 (alteration in original).

In ruling on the motion to quash, the trial court gave the following reasons relevant to our analysis herein:

Defendant argues that, through the filing of various motions and by the effects of the Louisiana Supreme Court's moratoriums due to the Covid-19 virus, the prescriptive period was extended to March 29, 2022. Thus, the defendant argues this matter prescribed on that day when he was not brought to trial.

The State, in argument, agrees that after the Louisiana Supreme Court's second Covid-19 moratorium, the prescriptive date was March 29, 2022. At this point, the State and the defendant differ on the effects of law.

Prior to March 29, 2022, this matter last appeared on the trial docket of January 25, 2021, at which time the defendant moved for a continuance. The Court granted the continuance and reset the matter for a pretrial status date of April 22, 2021, due in part to the ongoing effects of the second Covid-19 moratorium. On the April 22nd status date, a new Assistant District Attorney, Christ Beaner, had been assigned to the case so it was reset to June 17, 2021. On the June 17th status date, a new IDO attorney, Taylor Prejean, had been appointed as counsel (June 2, 2021) so the matter was reset to September 30, 2021. On the September 30th status date, a new IDO attorney, Nicholas Algero, had been appointed as counsel (August 4, 2021) so the matter was reset to January 13, 2022. On the January 13th status date, a new IDO attorney, J. Thomas Klock, had been appointed as counsel (November 30, 2021) so the matter was reset to March 10, 2022. On the March 10th status date this matter was certified ready for trial and assigned a trial date of August 1, 2022.

The State argues that each time this matter was reset due to the re-appointment of IDO counsel it worked as a continuance and extended the prescriptive date an additional year. What the State ignores is the fact that it never objected to the Court's rescheduling of the status date because the State was not ready to proceed to trial and the Assistant District Attorney, at that time, was experiencing difficulty conferring with the victims and never certified ready for trial. In fact,

3

neither side was in a hurry to bring this matter to trial and it was only due to the Court's insistence that it proceeded at all toward any type of resolution.

This Court was faced with a similar situation, as far as the running of prescription, in *State v. Levine*, Docket #62835. After the Trial Court denied the Motion to Quash, the [Third] Circuit Court of Appeal denied the defendant's writ application, *State v[.] Levine*, KW 22-00743. The [Third] Circuit opined that the prescriptive period was interrupted by order of the Louisiana Supreme Court on August 27, 2020[,] which closed all court proceedings in Vermilion Parish due to Hurricane Laura's landfall. Thus, the State had at least until August 27, 2022[,] to commence trial. This Court, being bound by the *Levine* ruling, finds that the prescriptive period herein was likewise extended to at least August 27, 2022.

As noted earlier, this matter was certified ready for trial and set for trial by jury for August 1, 2022. The record reflects that the defendant moved for a continuance in open court on August 1, 2022[,] and a new trial date of December 5, 2022[,] was set. By operation of law the prescriptive date was extended to August 1, 2023.

The ruling of this Court is that the defendant's Motion to Quash based upon Prescription is hereby DENIED.

Defendant argues that the trial court erroneously relied on this court's ruling in *State v. Levine*, 22-743 (La.App. 3 Cir. 5/5/2023) (unpublished writ), for the conclusion that the limitation on the time to commence trial was interrupted, giving the State another two years to commence trial. In *Levine*, this court issued the following ruling:

> **WRIT DENIED:** On July 21, 2022, Defendant filed a motion to quash wherein he alleged the State failed to bring him to trial within the prescriptive period set forth in La.Code Crim.P. art. 578(A)(1). We find no abuse of discretion in the trial court's denial of the motion to quash. *State v. Gray*, 16-687 (La. 3/15/17), 218 So.3d 40. Since prosecution was instituted against Defendant for first degree murder and attempted first degree murder on March 5, 2018, the State had until March 5, 2021, to commence trial unless the prescriptive period was interrupted or suspended. On August 27, 2020, the three-year prescriptive period was interrupted by the court closure in Vermilion Parish due to Hurricane Laura's landfall. *State v. Simmons*, 22-208 (La.App. 3 Cir. 10/19/22), 350 So.3d 599, *writ denied*, 22-1622 (La. 2/7/23), 354 So.3d 675. Even if the prescriptive period began running anew on August 27, 2020, the State had until August 27, 2023, to bring Defendant to trial.

*See* La.Code Crim.P. art. 579. Thus, at the time Defendant filed his motion to quash, the time for commencing trial had yet to expire. Accordingly, Defendant's writ application is denied.

*Id.*

As noted by Defendant, *Levine* cites *State v. Simmons*, 22-208 (La.App. 3 Cir. 10/19/22), 350 So.3d 599, *writ denied*, 22-1622 (La. 2/7/23), 354 So.3d 75, as support for the conclusion that the time limitation to commence trial was interrupted, rather than suspended, by the court's closure due to Hurricane Laura. However, the position in *Simmons* was abrogated by the supreme court in *State v. Mouton*, 23-723, p. 8 (La. 5/10/24), 384 So.3d 845, 850, wherein it held that the holding in *Simmons* that prescription was interrupted was incorrect as it "effectively rendered moot the legislatively authorized orders issued by this Court that the limitation period be *suspended*."[3]

As we recognize the trial court's reliance on *Levine* and *Simmons* to be an error of law, we review the record de novo to determine whether the prescriptive delay for bringing Defendant to trial had lapsed. *Bessard*, 307 So.3d 1158. In doing so, we must take the record of this appeal as we find it.

The parties' appellate arguments rest mainly on the minutes of court as to the events occurring during the relevant periods as no transcripts or audio recordings

---

[3] The supreme court's orders were issued pursuant to La.Code Crim.P. art. 958(A), which provide that in the event of a declared disaster or emergency or public health emergency:

> [T]he supreme court is authorized to issue to issue an order, or series of orders as it determines to be necessary and appropriate, that shall have the full force and effect of suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution of any state or municipal criminal, juvenile, wildlife, or traffic matter within the state of Louisiana including but not limited to any such provisions in this Code, the Children's Code, and Titles 14, 15, 32, 40, and 56 of the Louisiana Revised Statutes of 1950, or in any other provision of Louisiana law, for a determinate period of thirty days except as otherwise provided by this Article.

exist for many of the status hearings. Further, and as argued by Defendant, the minutes of at least one pertinent date were demonstrated to be wrong, and there may be reason to doubt the accuracy of others. Normally, a transcript prevails in the event that it conflicts with the minutes. *State v. Wommack*, 00-137 (La. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. However, in the absence of a transcript, the State may "reasonably rely on the presumption of regularity shown by [a] certified minute entry," absent a showing of inaccuracy by the defendant. *State v. Jones*, 14-280, p. 5 (La.App. 4 Cir. 7/23/14), 146 So.3d 833, 837; La.R.S. 15:432. Further, where a record is unclear, a court may review the whole record when reviewing a ruling on a motion to quash for abuse of discretion. *State v. Williams*, 11-1231 (La.App. 4 Cir. 5/23/12), 95 So.3d 554, *writ denied*, 12-1447 (La. 1/18/13), 107 So.3d 623.

The original record lodged with this court at the time of the appeal did not contain transcripts for certain court dates. However, the record was later supplemented to include transcripts for three court dates, November 17, 2022, December 8, 2022, and May 17, 2023, and an affidavit by the court reporter, Mary Ann Penny, which states that transcripts are not available for other requested dates.[4]

Louisiana Code of Criminal Procedure Article 578(A)(2) provides that no trial shall be commenced for non-capital felony cases after two years from the date of institution of the prosecution. "Institution of prosecution" is defined as "the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial." La.Code Crim.P. art. 934(7).

---

[4] In response to information requests to the trial court sent on December 23, 2024, and January 2, 2025, the appeal record was supplemented by the Vermilion Parish Clerk of Court.

The time limitation for trial can be interrupted if any of the provisions of La.Code Crim.P. art 579 are present, causing the two-year period to begin anew.[5] None apply here. However, La.Code Crim.P. art. 580(A) provides that:

> When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
>
> A preliminary plea includes a defendant's motion for a continuance.
>
> For purposes of art. 580, a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. *State v. Cranmer*, 306 So.2d 698, 700 (La.1975); *State v. Elfert*, 247 La. 1047, 175 So.2d 826, 828 (1965). These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. *State v. Brooks*, 505 So.2d 714, 725 (La.1987); *State v. Fabacher*, 362 So.2d 555, 556 (La.1978). Joint motions for a continuance fall under the same rule. *State v. Jones*, 620 So.2d 341, 342 (La.App. 5th Cir.1993) (*citing State v. Simpson*, 506 So.2d 837 (La.App. 1st Cir.1987), *writ denied*, 512 So.2d 433 (La.1987)); *see also State v. Rome*, 93-1221 (La.1/14/94), 630 So.2d 1284, 1288–89.

*State v. Brooks*, 02-792, p. 6 (La.App. 3 Cir. 2/14/03), 838 So.2d 778, 782.

In this case, the indictment was returned and filed in open court on April 22, 2019. Thus, the State initially had until April 22, 2021, to commence trial. Several continuances and other events occurred in the intervening time period that are irrelevant to our analysis here, as noted below.

In its reasoning, the trial court stated that the prosecution "agrees that after the Louisiana Supreme Court's second Covid-19 moratorium, the prescriptive date was March 29, 2022. At this point, the State and the defendant differ on the effects of

---

[5] Pursuant to La.Code Crim.P. art. 579, prescription is interrupted if the defendant seeks to avoid prosecution; if the state is unable to try the defendant due to insanity; if the state is unable to legally obtain the defendant's presence at trial; due to "any other cause beyond the control of the state;" or if the defendant, despite actual notice, fails to appear in court.

7

law." The March 29, 2022 date appears in the State's opposition to Defendant's motion, wherein it argued that following the supreme court's two Covid-19 moratoriums, it had until that date to commence trial. Although, the State notes that the March 29 date is a "prescriptive deadline" in the history of this matter, it argues that other defense motions before and after that date further extended the deadline. Defendant also raised the March 29 date during argument on the motion to quash. On appeal, he asserts that March 29, 2022, is the actual date that this matter prescribed. As the parties and the trial court appear to agree to March 29, 2022, as a correct date for benchmark purposes, we, likewise, treat said date as valid. It is the events leading up to and subsequent to that date, and the effects thereof, that are disputed.

After conducting a de novo review of the record, we find that this matter was set for trial on January 25, 2021. However, on January 8, 2021, Defendant's counsel, Ja Vonna R. Charles-Young,[6] moved to continue the trial date for the following reason: "Counsel was recently appointed to represent [Defendant] in the above referenced matter and desires a continuance of the trial . . . in order to afford counsel adequate time within which to prepare [Defendant's] defense." Rather than reset the trial date, counsel for Defendant moved that the matter be "continued and moved to a pre-trial/status date of April 22, 2021." Thus, the matter was continued without a trial date to allow counsel time in which to prepare a defense. The effect of this continuance was to move the time in which the State had to commence trial to January 8, 2022.

---

[6] Ms. Charles-Young was appointed to represent Defendant on October 24, 2019.

Three days later, on January 11, 2021, the supreme court issued two criminal jury-trial moratoriums related to the Covid-19 pandemic, which had the effect of suspending the prescriptive periods between January 11 through April 1, 2021. This extended the time in which the State had to commence trial by eighty days from January 8, 2022, to March 29, 2022. Defendant and the State both agree to this date. On April 22, 2021, following the end of this moratorium, the minutes indicate that Defendant moved for a continuance of the status hearing to June 17, 2021.

However, as illustrated by the record, Defendant underwent three subsequent changes of counsel within approximately six months. On June 2, 2021, the trial court was notified by the Fifteenth Judicial District Public Defenders Office (PDO) that Ms. Charles-Young was being replaced by Taylor Weston Prejean. This was fifteen days prior to a June 17, 2021 status hearing, and the minutes of that hearing indicate that Defendant moved to continue the matter to September 30, 2021. However, on August 4, 2021, the trial court was notified by the PDO that Mr. Prejean was being replaced by Nicholas Algero, and the minutes of the September 30, 2021 status hearing indicate that Defendant moved to continue that hearing to January 13, 2022. Two months later, on November 30, 2021, the trial court was again notified by the PDO that Mr. Algero was being replaced by J. Thomas Klock. The minutes of the January 13, 2022 status hearing indicate that Defendant moved to continue the status hearing to March 10, 2022. The minutes of the March 10, 2022 hearing indicate that on motion of Defendant, the matter was continued to the August 1, 2022 felony trial docket.

Thus, we find that the last date that extended the time limit prior to March 29, 2022, was September 30, 2021, which extended the prescriptive time limit to

September 30, 2022.[7] During the hearing on the motion to quash, Defendant demonstrated, through the testimony of Mr. Klock and John Freeman, a criminal minute clerk for the Vermilion Parish Clerk of Court, that the transcript of the January 13, 2022 hearing established that Mr. Klock did not move for a continuance, as reflected by the minutes. As the transcript conflicts with the minute entry, it prevails. Thus, the September 30, 2022 time limit was not extended. Mr. Klock's testimony further indicated that the same situation existed at the March 10, 2022 hearing, in contradiction of the March 10, 2022 minute entry. Thus, the time limit remained September 30, 2022. However, before that date was reached, the trial court convened an August 1, 2022 trial date and granted a defense motion to continue, extending the deadline to August 1, 2023. This date is well after the date of Defendant's motion to quash, March 10, 2023, the date of the hearing on the motion, July 21, 2023, and the trial court's ruling on the motion, July 27, 2023.

Defendant attempted to call into question the accuracy of the remaining court minutes in this matter through the introduction of court minutes from other criminal proceedings. According to Mr. Freeman, one of the court minutes contained a typo and one, due to a software issue, contained a minute entry for another defendant at the end of the minute entry introduced. Another minute entry contained an incorrect date to which the matter was reset, although the correct date is contained in the certified copy of the minute entry. However, we note that Defendant did not introduce any evidence calling into question the accuracy of the September 30, 2021 minute entry or the August 1, 2022 minute entry, which extended the time limit to

---

[7]Also, the September 30, 2021 date is before the March 29, 2022 date that Defendant concedes is valid.

10

August 1, 2023. Thus, considering the presumption of regularity attaching to these minute entries, the State was entitled to rely on their accuracy. *Jones*, 146 So.3d 833.

Accordingly, we find that based upon the particular facts of this case, the trial court was correct in denying the motion to quash as the time delay for trial, extended through the suspensions caused by the multitude of continuances, had not yet run.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that the minutes of sentencing are in need of correction.

Defendant was found guilty of four counts of molestation of a juvenile. According to the transcript from the sentencing hearing, the trial court stated: "[O]n the charge of Molestation of a Juvenile[,] I sentence you to serve twenty-five years at hard labor to be served without the benefit of parole, probation or suspension of sentence on each Count." The minutes, however, state, "ON THE CHARGE OF 4 COUNTS MOLESTATION OF JUVENILE (A.L.): TWENTY-FIVE (25) YEARS AT HARD LABOR TO BE SERVED WITHOUT BENEFIT[.]" Contrary to the transcript of sentencing, the minutes fail to state that twenty-five-year sentences were imposed on each count of molestation of a juvenile. Based on this conflict, the transcript prevails over the minute entry. *Wommack*, 770 So.2d 365. Accordingly, the matter is remanded, and the trial court is ordered to amend the minute entry from Defendant's sentencing hearing to reflect that it imposed a sentence of twenty-five years at hard labor, without benefit of parole, probation, or suspension, on each count of molestation of a juvenile.

11

**DECREE**

For the reasons stated, the judgment of the trial court denying Defendant's motion to quash is affirmed on different grounds. Accordingly, Defendant's convictions and sentences are affirmed. This matter is remanded, and the trial court is ordered to correct the sentencing minutes to accurately reflect that Defendant was sentenced to twenty-five years at hard labor, without the benefit of parole, probation, or suspension, on each court of molestation of a juvenile.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.